IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SMART LOCAL 265 WELFARE FUND, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | NO. 18 C 3993 |
| TOP NOTCH SHEET METAL FABRICATING, | ) | |
| INC., an Illinois corporation, | ) | JUDGE JOHN R. BLAKEY |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE TO ENFORCE
THE TERMS OF THE SETTLEMENT AGREEMENT
AND ENTER JUDGMENT AGAINST DEFENDANT AND AMY MAJEWSKI**

NOW COME Plaintiffs, SMART LOCAL 265 WELFARE FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action to enforce the terms of the Settlement Agreement entered by the parties in August 2018. In support of the Motion, Plaintiffs state as follows:

1.     This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Sheet Metal Workers Local 265 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with Sheet Metal Workers International Association, Local 265, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The

Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2.      On August 31, 2018, a Notice of Dismissal with attached Settlement Agreement and Payment Plan incorporating the terms for settlement agreed to by the parties was filed with this Court (copies of the Notice of Dismissal, Settlement Agreement and Payment Plan Consent Decree are attached as Exhibit 1).

3.      On September 4, 2018, this Court dismissed the instant action without prejudice consistent with the parties' agreement with leave to reinstate by February 1, 2021 (a copy of the Court's Notification of Docket Entry is attached as Exhibit 2).

4.      Defendant acknowledged that it owed the total amount of $60,318.97 for contributions for the time period February 2018 through May 2018, 5% liquidated damages and attorneys' fees and costs, as described in Paragraphs 3 and 4 of the Settlement Agreement.

5.      Defendant agreed to remain current with respect to its submission of monthly reports and fringe benefit contributions that may become due throughout the period of the payment schedule.

6.      Defendant and Amy Majewski agreed to make payment to Plaintiffs of the amount set forth in the Promissory Note attached to the Settlement Agreement, being $60,318.97, by the submission of monthly payments of $2,000.00 due on the 20th day of each month from August 20, 2018 through December 20, 2021, with a final payment of $1,522.12 due on January 20, 2021.

7.      If Defendant fails to timely submit the payments contained in the Promissory Note or fails to submit current reports and contributions as they become due during the payment schedule, the Defendant would be considered in default of the terms of the Settlement Agreement. Thereafter, the Plaintiff Funds would be entitled to file a motion with this Court to reopen this case for the

purpose of entering judgment against Defendant and Amy Majewski for all unpaid installments and the Plaintiffs' attorneys' fees and costs incurred as a result of the Plaintiffs pursuit of enforcement of the Settlement Agreement, as set forth in Paragraph 7 of the Settlement Agreement.

8.      Nothing contained within the Settlement Agreement would require the Plaintiff Funds to take legal action in the event of a breach of the Settlement Agreement.  If the Plaintiff Funds decide in their sole discretion to allow additional time for the Defendant to cure a breach, such allowance for additional time shall not be construed as a waiver of the Plaintiff Funds' rights under the Settlement Agreement.

9.      Defendant and Amy Majewski have not submitted their installment payments of $2,000.00 due on December 20, 2018, January 20, 2019 and February 20, 2019 pursuant to the terms of the Settlement Agreement and Promissory Note, as described in Paragraph 6 above.  On February 27, 2019, Plaintiffs' counsel sent a letter to Amy Majewski requesting that the $2,000.00 installments due on December 20, 2018, January 20, 2019 and February 20, 2019 be remitted by March 8, 2019 (a copy of the February 27, 2019 letter is attached as Exhibit 3).  Additionally, Defendant has failed to submit the monthly fringe benefit contribution reports and payment of any fringe benefit contributions due thereon for October 2018 through the present date.

10.     Defendant and Amy Majewski have not submitted the additional installment payment of $2,000.00 due on March 20, 2019, pursuant to the terms of the Settlement Agreement and Promissory Note, as described in Paragraph 6 above.

11.     For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action to enforce the terms of the Settlement Agreement and Promissory Note and to enter judgment against the Defendant and Amy Majewski.  Specifically, Plaintiffs request:

A.   That judgment be entered in favor of Plaintiffs and against Defendant, Top Notch Sheet Metal Fabricating, Inc. and Amy Majewski, to include the amount of $52,318.97, being the total amount due for installments pursuant to the terms of the Settlement Agreement and Promissory Note.

B.   That judgment be entered in favor of Plaintiffs and against Defendant, Top Notch Sheet Metal Fabricating, Inc. and Amy Majewski, to include an additional $2,389.75 in attorneys' fees incurred by the Plaintiffs since filing the Settlement Agreement with the Court on August 31, 2018 and in the preparation and presentment of the instant motion to reopen.

C.   That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: 312/216-2577
Facsimile: 312/236-0241
E-Mail: cscanlon@baumsigman.com

I:\265J\Top Notch\#28085\motion to reopen2.cms.df.wpd

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion to Reopen) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this <u>21st</u> day of <u>March 2019</u>:

> Ms. Amy E. Majewski, Registered Agent/President
> Top Notch Sheet Metal Fabricating, Inc.
> 144 Walnut Drive
> St. Charles, IL   60174-1538

/s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: 312/216-2577
Facsimile: 312/236-0241
E-Mail: cscanlon@baumsigman.com

I:\265J\Top Notch\#28085\motion to reopen2.cms.df.wpd